J-S59018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
            :           PENNSYLVANIA
            :
       v.             :
            :
            :
WADE ANTHONY MASON             :
            :
       Appellant           :      No. 1590 EDA 2019

Appeal from the PCRA Order Entered April 29, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006304-2009

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 12, 2019**

Appellant Wade Anthony Mason appeals from the order dismissing as untimely his third petition filed under the Post Conviction Relief Act[1] (PCRA). Appellant's PCRA counsel has filed a petition to withdraw and an **Anders**/**Santiago** brief.[2]  We affirm and grant PCRA counsel's petition to withdraw.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Counsel filed a brief and petition withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  When counsel seeks to withdraw from a matter involving the denial of PCRA relief, a **Turner**/**Finley** "no-merit letter" is the appropriate filing.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

The PCRA court summarized the procedural history of this case as follows:

On January 20, 2011, a jury convicted [Appellant] of rape, sexual assault and simple assault. Thereafter, on April 11, 2011, the [trial] court sentenced [Appellant] to an aggregate term of seven to fourteen years of imprisonment, and a consecutive two-year probationary term. Following the denial of [Appellant]'s timely post-sentence motion, [Appellant] filed an appeal [with this Court], in which he raised a claim of prosecutorial misconduct. In an unpublished memorandum filed on April 14, 2012, [this Court] rejected [Appellant]'s claim and affirmed his judgment of sentence. On September 19, 2012, the Supreme Court denied [Appellant]'s petition for allowance of appeal. *Commonwealth v. Mason*, 48 A.3d 484 (Pa. Super. 2012).

[Appellant] thereafter filed a timely *pro se* PCRA petition, and [the PCRA] court appointed counsel. After reviewing the record and [Appellant]'s proposed issues, PCRA counsel filed a petition to withdraw and "no-merit" letter pursuant to [*Turner*/*Finley*]. [The PCRA] court then issued a Pa.R.A.P. 907 notice of intent to dismiss [Appellant]'s *pro se* petition without a hearing. [Appellant] filed a *pro se* response. By order entered March 26, 2014, [the PCRA] court dismissed [Appellant]'s PCRA petition and granted PCRA counsel's petition to withdraw. [Appellant] filed a timely *pro se* appeal to [this Court]. In an unpublished memorandum filed on January 16, 2015, [this Court] affirmed the order denying [PCRA] relief. *Commonwealth v. Mason*, 118 A.3d 448 (Pa. Super. 2015). [Appellant] did not file a motion for allowance of appeal.

[Appellant] then filed his second *pro se* PCRA petition on March 20, 2015. Within this petition, [Appellant] reiterated his claim of prosecutorial misconduct that he unsuccessfully litigated during his direct appeal. [The PCRA] court issued a Pa.R.A.P. 907 notice of intent to dismiss [Appellant]'s second PCRA petition as untimely filed. [Appellant] filed a *pro se* response on May 18, 2015. By order entered June 22, 2015, this court dismissed [Appellant]'s second PCRA petition. [Appellant] filed a *pro se* appeal to [this Court]. In an unpublished memorandum filed on March 14, 2016, the Superior Court affirmed this court's order denying [PCRA] relief. *Commonwealth v. Mason*, No. 2483 EDA 2015.

> On November 30, 2017, [Appellant] filed the instant PCRA petition, his third, citing **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). PCRA [c]ounsel was appointed to represent his interests. On March 5, 2019, [the PCRA court] served [Appellant] with a [Rule 907 notice]. Thereafter[, Appellant's] PCRA was dismissed on April 30, 2019[.]

PCRA Ct. Op., 7/8/19, at 1-3 (some formatting altered).

On June 10, 2019, Appellant filed a timely notice of appeal. He filed a court-ordered Pa.R.A.P. 1925(b) statement on June 21, 2019. The trial court issued a responsive Rule 1925(a) opinion stating that Appellant's PCRA petition was untimely. On August 29, 2019, PCRA counsel filed a petition to withdraw and an **Anders** brief with this Court. Appellant subsequently filed two *pro se* responses.

> Counsel identifies one issue for our review:

> Was the trial court in error for dismissing [Appellant's PCRA] petition alleging that his sentence was unconstitutional pursuant to [**Muniz**] and its progeny?

**Anders**/**Santiago** Brief at 9.

Initially, we must address whether PCRA counsel has fulfilled the procedural requirements for withdrawing his representation in this Court. **Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that before "addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel" (citation omitted)).

As we have explained,

[c]ounsel petitioning to withdraw from PCRA representation must proceed under [**Turner** and **Finley**] and must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court— [PCRA] court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.** at 510-11 (citations omitted and some formatting altered).

As noted previously, we may accept PCRA counsel's **Anders** brief if we conclude that it substantially complies with **Turner**/**Finley**. **See Widgins**, 29 A.3d at 817 n.2. PCRA counsel's petition to withdraw and brief to this Court detail his diligent review of the case and includes the issue that Appellant wishes to have reviewed. PCRA counsel sets forth reasons why the issue lacks merit and requests permission to withdraw. Additionally, PCRA counsel has provided Appellant with a copy of the no-merit brief and his application to withdraw, as well as a statement advising Appellant of his right to proceed *pro se* or with privately retained counsel. **See Widgins**, 29 A.3d at 818. Accordingly, we will permit PCRA counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

PCRA counsel identifies Appellant's claim that **Muniz** satisfies the newly recognized constitutional right exception to the PCRA's time bar. **See** 42 Pa.C.S. § 9545(b)(1)(iii). **Anders**/**Santiago** Brief at 6. PCRA counsel notes that the Pennsylvania Supreme Court has yet to hold that **Muniz** applies retroactively. **Id.** Therefore, PCRA counsel maintains that Appellant cannot rely on **Muniz** to excuse the timeliness of his instant PCRA petition. **Id.**

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). We grant great deference to the PCRA court's factual findings and we will not disturb them unless they have no support in the record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).[3]

In **Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), this Court explained that

[s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme Court] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new"

---

[3] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, extending the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

Here, we acknowledge that this Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [the petitioner]'s PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [the petitioner] cannot rely on ***Muniz*** to meet that timeliness exception.[fn1]

> [fn1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that ***Muniz*** applies retroactively, [the petitioner] can then file a PCRA petition . . . attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).

***Murphy***, 180 A.3d at 405-06 (some citations omitted).

Instantly, the Pennsylvania Supreme Court has yet to hold that ***Muniz*** applies retroactively. Accordingly, like the petitioner in ***Murphy***, Appellant cannot rely on ***Muniz*** to excuse the facial untimeliness of the instant PCRA petition. ***See id.*** Therefore, the PCRA court properly dismissed Appellant's petition as untimely. ***See Lawson***, 90 A.3d at 4.

We must also address Appellant's *pro se* responses to PCRA counsel's *Anders* brief and petition to withdraw. From what we can discern,[4] it appears that Appellant is seeking to characterize his untimely PCRA as a petition for *habeas corpus* or *coram nobis* relief. Additionally, Appellant cites to the *ex post facto* clause of the United States Constitution, an apparent reference to his *Muniz* claim.

Our Supreme Court has held that "claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis omitted); *see also* 42 Pa.C.S. § 9542 (stating that the PCRA subsumes both *habeas corpus* and *coram nobis*); *see also Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (explaining that other remedies do "not become available merely because the PCRA [court] refuses to remedy a petitioner's grievance; rather, we look at the claims a petitioner is raising"). In sum, if "a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review." *Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016).

---

[4] In his *pro se* filings, Appellant includes numerous citations to cases and statutes, but does not indicate how they are applicable to his case. Therefore, we limit our analysis to the issue that we were able to decipher from his statements of the law.

- 8 -

Here, to the extent Appellant challenges his sentence under *Muniz* and the *ex post facto* clause, his claim is cognizable under the PCRA. **See Commonwealth v. Greco**, 203 A.3d 1120, 1123 (Pa. Super. 2019) (holding that a post-conviction claim that an original sentence is illegal due to the retroactive application of a sexual offender registration requirement must be raised in a PCRA petition). Therefore, because Appellant's underlying claim is cognizable under the PCRA, he cannot seek *habeas corpus* or *coram nobis* relief. **See Descardes**, 136 A.3d at 503; **see also Pagan**, 864 A.2d at 1233.

Because our own review of the record confirms that Appellant's claims are without merit, we affirm the order denying Appellant's PCRA petition, and we grant counsel's petition to withdraw. **See Murphy**, 180 A.3d at 405-06; **Muzzy**, 141 A.3d at 510.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/19